IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON<br>f/k/a The Bank of New York as Trustee<br>for Registered Holders of CWABS Inc<br>Asset Backed Certificates, Series 2007-12,<br><br>Plaintiff,<br><br>v.<br><br>**RANDIP GREWAL; REGINAL<br>PERKINS; PARVINDER GREWAL; and**<br>All Occupants of 1211 Harbor Dune Ct<br>Irving, TX 75063,<br><br>Defendants. | §§§§§§§§§§§§§§§ | Civil Action No. **3:18-CV-3032-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand [] Proceeding (Doc. 5), filed November 15, 2018. After careful consideration of the motion, objections by Defendants, record, and applicable law, the court **grants** Plaintiff's Motion to Remand [] Proceeding (Doc. 5).

**I.   Background**

Plaintiff is The Bank of New York Mellon, f/k/a The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-12 ("Plaintiff" or "Mellon"). Defendants are Randip Grewal, Reginald Perkins, Parvinder Grewal, and/or All Occupants (collectively, "Defendants") of 1211 Harbor Dune Ct., Irving, Texas 75063 (the "Property"). Plaintiff filed a forcible detainer action against Defendants in state court on November 2, 2018.

**Memorandum Opinion and Order – Page 1**

Mellon purchased the Property at a foreclosure sale that took place on June 5, 2018, and is the named Grantee in a Substitute Trustee's Deed that memorializes the foreclosure sale. The Substitute Trustee's Deed was recorded in the real property records of Dallas County, Texas. The foreclosure sale was held pursuant to the terms of a Deed of Trust encumbering the Property and executed by Grantors Randip S. Grewal and Parvinder K. Grewal, husband and wife. The Deed of Trust is dated July 27, 2007; recorded in the real property records of Dallas County, Texas; and provides that upon the occurrence of a foreclosure sale, Defendant Randip S. Grewal or any person holding possession of the Property through Defendant shall surrender the Property to the purchaser at such sale or be deemed a tenant at sufferance.

Following foreclosure and in accordance with Section 24.005 of the Texas Property Code, Plaintiff made written demand on all Defendants on June 21, 2018, to vacate the Property. Although demand was duly made, Defendants refused or failed to vacate the Property. Defendants' refusal or failure to vacate the Property constituted an act of forcible detainer as that term is defined under Section 24.002 of the Texas Property Code. As a result, on November 2, 2018, Mellon filed Plaintiff's Original Petition for Forcible Detainer in the Justice Court, Precinct 4, Place 2, Dallas County, Texas.

The case was assigned to and docketed under Cause Number 5068045. The case was scheduled for trial to be held November 15, 2018. Immediately prior to the trial setting, Defendant Randip S. Grewal filed a Notice of Removal on behalf of all Defendants and removed the forcible detainer action to federal court, contending that diversity jurisdiction exists because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Mellon opposes the removal and seeks remand of this action to the Justice Court, Precinct 4, Place 2, Dallas County, Texas. It contends the court lacks jurisdiction because this action cannot be removed, as Defendants are citizens of Texas and 28 U.S.C. § 1441(b)(2) does not allow removal of an action if any defendant is a citizen of the state in which the action is brought. Plaintiff also opposes removal because it contends Defendants have not established that the amount in controversy exceeds $75,000.

Defendants oppose remand and contend that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. They also contend that this court has jurisdiction over this action because it arises under the "Constitution, laws, or treaties of the United States."

## II. Jurisdictional Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction

**Memorandum Opinion and Order – Page 3**

to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

The citizenship of a trust is that of its trustees. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (citation omitted); *Mullins v. Testamerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (footnote omitted). The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n*, 446 U.S. at 464 (footnote omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus

**Memorandum Opinion and Order – Page 5**

proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

In a removed case, when the pleading does not state a specific amount of damages and the allegations are challenged by the plaintiff or questioned by the court, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. In such cases, "[t]he preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his or her recovery will not

exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

## III. Discussion

### A. Federal Question Jurisdiction

Contrary to Defendants' assertion, there is no federal question jurisdiction. Mellon simply filed an action under state law to determine whether Defendants had the right to possess or occupy the Property after the foreclosure sale. Plaintiff's Original Petition for Forcible Detainer does not invoke the United States Constitution, a federal statute, or a treaty of the United States as a basis for its forcible detainer action. Accordingly, no federal question exists, and Defendants' argument that the court has jurisdiction over this removed action because of a federal question is without merit.

### B. Amount in Controversy

Defendants, in their objections, contend that the amount in controversy exceeds $75,000. They contend that the fair market value of the Property is $250,000, which is more than $75,000, and that the fair market value is what the court is required to use to determine whether the jurisdictional threshold has been met. The court disagrees.

The amount in controversy is not determined by the fair market value of the Property itself but rather the value of the right to immediate occupancy or possession of the Property. *See*

**Memorandum Opinion and Order – Page 7**

*Ezon v. Cornwall Equities, Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982). This court has consistently so held. *See Bank v. Matts*, No. 3:12-CV-4565-L, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) (collecting cases).

Defendants are tenants at sufferance under Chapter 24 of the Texas Property Code, and, thus, the only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the Property. As Mellon has contested whether the amount-in-controversy requirement has been met, Defendants are required to provide evidence to establish that the jurisdictional threshold has been met. *Dart*, 135 S. Ct. at 554. Defendants have provided no evidence as to the value to them of the right to immediate possession or occupancy of the Property. Accordingly, Defendants have not satisfied their burden of establishing that the amount in controversy exceeds $75,000, and the court, therefore, lacks diversity jurisdiction.

### C. Removal by In-state Defendants

Even assuming that Defendants could satisfy the amount-in-controversy requirement necessary for subject matter jurisdiction based on diversity of citizenship, removal of this case is procedurally improper because the removal statute does not permit a case to be removed from state to federal court if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2);[*] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985).

Here, Defendant Randip Grewal concedes in the Notice of Removal that all Defendants are citizens of Texas. Thus, the removal violates the in-state defendant rule under section

---

[*]The statue provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

1441(b)(2), and it is, therefore, procedurally defective. A "statutory restriction against removal is not a matter of substantive jurisdiction, but rather a procedural defect." *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993). A procedural defect "is any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991) (citation omitted). In other words, although there is complete diversity of citizenship between the parties in this action, Congress has decided to enact a statute that prohibits an action from being removed if any defendant is a citizen of the forum state. As a result of the language in section 1441(b)(2), Defendants were not entitled to remove the action to federal court. The court, therefore, determines that this procedural defect serves as an alternative ground to grant Plaintiff's Motion to Remand [] Proceeding (Doc. 5).

## IV. Conclusion

For the reasons stated herein, Defendants have failed to establish that the amount in controversy exceeds $75,000 or that this action arises under the Constitution, laws, or treaties of the United States. Alternatively, even if the amount in controversy exceeds $75,000, the removal is barred because such removal is not allowed when a defendant is a citizen of the state where the action is brought. Accordingly, the court **grants** Plaintiff's Motion to Remand [] Proceeding and **remands** this action to the Justice Court, Precinct 4, Place 2, Dallas County, Texas. The court **directs** the clerk of court to effect this remand in accordance with the usual procedure.

**It is so ordered** this 8th day of April, 2019.

Sam A. Lindsay
United States District Judge